UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:20-CR-046 JD |
| ) | |
| TERRELL DISMUKES ) | |

### Memorandum Opinion and Order

Now before the Court is the Defendant Terrell Dismukes' motion to suppress evidence obtained pursuant to the Search and Seizure Warrant issued by this Court for 1001 S. Mayflower Road, Lot 85, South Bend, Indiana, including any physical evidence, information, statements, photographs, and videos that are the direct fruit of the search. Mr. Dismukes argues that the affidavit supporting the search warrant failed to establish a nexus between the alleged drug dealing activities and the subject property, and therefore, failed to sufficiently establish probable cause for the search. The government argues that Mr. Dismukes did not have a reasonable expectation of privacy in the property, that there was ample probable cause for the search warrant and, even if there wasn't, the officers reasonably relied in good faith on the decision to issue the warrant. The parties filed a notice with the Court indicating that they agreed the Court could consider the filed briefs and rule on the suppression motion without a hearing. [DE 42]. For the following reasons, the Court denies the motion to suppress.

### I. Background

In March of 2020, a confidential informant ("CI") provided information to ATF investigators regarding Terrell Dismukes. The informant reported that Mr. Dismukes had firearms, was selling drugs, and was known to frequent a white and red mobile home located on Mayflower Road in South Bend. As a result of this tip, investigators conducted surveillance of

1

the mobile home and confirmed that Mr. Dismukes regularly visited it. ATF Special Agent Kyle Lerch included a picture of the mobile home in his affidavit supporting the application for the search warrant of the property. [DE 37-3 at 4]. The CI who provided the information was known to investigators, had worked with law enforcement in the past, and investigators had also previously found information supplied by the CI to be truthful and accurate. [DE 39 at 5]. The CI also shared that s/he had personally seen Mr. Dismukes in the mobile home with firearms. Agent Lerch provided this information in his affidavit. [DE 37-3 at 5]. Agent Lerch also explained that in the same month, agents began surveilling the area and observed Mr. Dismukes arrive at and leave the property multiple times in a silver Ford Focus. [*Id.*].

Working with the CI, the investigators conducted a controlled purchase of heroin from Mr. Dismukes. On the day of the transaction, the investigators observed Mr. Dismukes leaving the mobile home and driving to the meeting location in a silver Ford Focus. [DE 39 at 6]. At the meeting, Mr. Dismukes sold heroin to the CI and, during the transaction, Mr. Dismukes confirmed to the CI that he possessed firearms. Following the sale, investigators observed Mr. Dismukes then drive back to the mobile home on Mayflower Road. This information was also included in Agent Lerch's affidavit. [DE 37-3 at 6].

Finally, in addition to the information from the CI, Mr. Dismukes was also identified by Terrell Lee. Mr. Lee admitted that he was a drug dealer and that he had been selling drugs for Mr. Dismukes. [DE 39 at 7]. Mr. Lee got into some trouble with Mr. Dismukes and, on May 31, 2020, reported that he had been "pistol-whipped" with a firearm by Mr. Dismukes and two other men at a white mobile home along Mayflower Road. Mr. Lee reported seeing a silver Ford Focus and a black Chrysler parked outside the mobile home. Agent Lerch described Mr. Lee's experience and what he saw in the affidavit. [DE 37-3 at 7]. On June 1, 2020, investigators

confirmed that these vehicles were parked outside the mobile home in question. Thus, much of the information supplied by the CI was corroborated by Mr. Lee, by observations from the controlled purchase, and by investigator surveillance.

At the end of his affidavit, Agent Lerch also explained that he conducted a criminal history check of Mr. Dismukes and learned that he had prior felony convictions for both being a felon in possession of a firearm and dealing a controlled substance. [DE 37-3 at 7]. Agent Lerch also recounted common drug dealing practices and submitted that there was probable cause to believe that a search of the property on Mayflower Road would uncover evidence of criminal activity and contraband. All this background information formed the basis of Agent Lerch's affidavit supplying probable cause for a search warrant of the property where the mobile home was located. [DE 39-1]. The government attached Agent Lerch's affidavit to the application for the search warrant for the mobile home. [DE 37-2]. In the application, the government alleged it had reason to believe they would find evidence related to violations of: (1) 21 U.S.C. § 841(a)(1), distributing and/or possessing with intent to distribute a controlled substance; and (2) 18 U.S.C. § 922(g)(1), felon in possession of firearm. [*Id.*].

The search warrant was executed on June 4, 2020, at the mobile home on the property, which was described as a white and red-colored mobile home with a small front porch. [DE 37-1]. Inside the home the investigators found loaded guns, numerous baggies of various drugs, ammunition, loaded magazines, digital scales, and an identification card for Mr. Dismukes (in addition to two other ID cards that did not belong to him). [DE 37-5; DE 39 at 2]. Mr. Dismukes was also observed leaving the mobile home shortly before the search began and thus was not at the property while the search was carried out. Mr. Dismukes was detained by South Bend police officers in an investigatory traffic stop. [DE 37 at 6]. A dog sniff of the vehicle he was driving

was conducted and the dog positively alerted the vehicle. After searching Mr. Dismukes' vehicle, two cellphones and assorted ammunition were recovered. [*Id.*]. Mr. Dismukes told investigators that he did not live in the mobile home but was only there to let a dog out.

Mr. Dismukes now argues that the affidavit presented in support of the search warrant is insufficient to competently establish probable cause for the search. He argues that the search warrant failed to establish a nexus between the alleged drug dealing activities and the mobile home property on Mayflower Road, and thus failed to establish sufficient probable cause that evidence of a particular crime would be found at the property. More specifically, Mr. Dismukes argues that the informant's information included in Agent Lerch's affidavit was insufficiently reliable under *Singleton* to support the issuance of the search warrant. *See United States v. Singleton*, 125 F.3d 1097, 1103-04 (7th Cir. 1997). Therefore, Mr. Dismukes concludes that the search warrant was invalidly obtained, and all evidence obtained pursuant to it must be suppressed.

## II. Analysis

When, as here, an affidavit is the only evidence presented in support of a search warrant, the validity of the warrant turns on the strength of the affidavit. *United States v. Peck*, 317 F.3d 754, 755 (7th Cir. 2003) (citation omitted). "Probable cause is established when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *Id.* at 756 (other citations omitted). And, "[b]efore issuing a search warrant, an issuing officer must determine whether probable cause exists for doing so." *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005). "Probable cause sufficient to support a warrant exists where 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that

4

contraband or evidence of a crime will be found.'" *Id*. (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). "As the [Supreme] Court frequently has remarked, probable cause is a flexible, common-sense standard." *Texas v. Brown*, 460 U.S. 730, 742 (1983). In summary, "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates*, 462 U.S. at 236.

Here, Mr. Dismukes argues that the affidavit failed to establish a nexus between the alleged drug dealing activity and the mobile home at the property on Mayflower Road. Mr. Dismukes argues that the information provided by the CI was insufficiently reliable to support the issuance of a warrant. He cites to *United States v. Singleton*, 125 F.3d 1097, 1103-04 (7th Cir. 1997) for the factors to consider when determining whether an informant's information is sufficiently reliable: "(1) personal observation by the informant; (2) the degree of detail given; (3) independent police corroboration of the informant's information; and (4) the informant's testifying at the probable cause hearing." Mr. Dismukes argues that the CI's information was insufficiently reliable under the first two factors: personal observation and degree of detail. He asserts that the CI did not testify at a probable cause hearing or provide a sworn affidavit to attest to the information that s/he provided. Mr. Dismukes also argues that Mr. Lee did not allege that drugs were being distributed from the mobile home property and had seemingly never been to that location before. Finally, Mr. Dismukes argues that evidence of one controlled buy between him and the CI failed to establish reasonable cause that evidence of drug dealing was located at the mobile home.

The Court cannot agree with Mr. Dismukes. In the present case, the Court concludes that, based on the totality of circumstances, Agent Lerch's affidavit provided sufficiently reliable information to support the finding of probable cause and the issuance of a search warrant. None

of Mr. Dismukes' contentions establish the lack of probable cause to search the property on Mayflower Road. While it is true that the CI did not appear before the judge who approved the warrant or provide a sworn statement, this deficiency is compensated for by the degree to which the CI acquired knowledge of the events through first hand observations and to which s/he provided detail of Mr. Dismukes' activities.[1] No one factor is determinative and a "deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *United States v. Searcy*, 664 F.3d 1119, 1122 (7th Cir. 2011) (citing *Peck*, 317 F.3d at 756).

Moreover, the CI's statements were not uncorroborated as law enforcement performed surveillance of the property and confirmed Mr. Dismukes coming and going from the mobile home there. The investigators along with the CI were able to complete a controlled purchase of heroin from Mr. Dismukes and he was observed both leaving and returning to the mobile home before and after the transaction. There is no evidence before the Court suggesting that Mr. Dismukes visited other locations during this event. Furthermore, a second source of information in the form of an associate of Mr. Dismukes, Mr. Lee, was able to corroborate some of the information provided by the CI and observed by the investigators. Mr. Lee admitted to dealing drugs for Mr. Dismukes and described being beaten in a mobile home along Mayflower Road. He also saw two vehicles that were confirmed to be parked at the mobile home Mr. Dismukes regularly frequented. The investigators observed Mr. Dismukes using one of the vehicles that Mr. Lee reported seeing at the mobile home. As the government asserts, both the CI and Mr. Lee

---

[1] Agent Lerch's affidavit states the following: "The CI has observed DISMUKES at 1001 S. Mayflower Rd, Lot 85 with a Sig Sauer AR-15 style rifle and a Smith & Wesson pistol." [DE 37-3 at 5].

were able to link Mr. Dismukes to drug activity and the mobile home. Thus, "[t]here was clearly independent, often contemporaneous, police corroboration." *Singleton*, 125 F.3d at 1104.

Moreover, "[i]n issuing a search warrant, a magistrate is given license to draw reasonable inferences concerning where the evidence referred to in the affidavit is likely to be kept, taking into account the nature of the evidence and the offense." *United States v. Singleton*, 125 F.3d 1097, 1102 (7th Cir. 1997). Here, the magistrate made a reasonable inference from the multiple channels of information supplied by the affidavit that evidence of drug dealing, and possession of firearms would be found in the mobile home. And while Mr. Dismukes argues that the CI's information was insufficiently reliable under the first two *Singleton* factors—personal observation and degree of detail—this Court disagrees and finds that the CI provided some information based on her/his personal observation. As for the degree of detail, while the informant did not provide dates or times for many of the interactions involving Mr. Dismukes, the information was corroborated from other channels. Therefore, the CI's information was sufficiently reliable and, along with the other channels of information, supported the issuance of the warrant. The information also clearly established a nexus between potential drug dealing and the mobile home.

As for Mr. Dismukes' two other arguments, the Court can quickly address them. First, the Court declines to apply the reasoning of the dissent in *Minnesota v. Carter*, 525 U.S. 83, 106 (1998) and instead find that Mr. Dismukes did not have a legitimate expectation of privacy in the mobile home.[2] While the dissent in *Carter* argued that a host's invitation of a person into his or her home should give the guest a reasonable expectation of privacy, the majority's holding did

---

[2] During the search, investigators found documents demonstrating that the owner and resident of the mobile home on the property was a woman named Jamie Vergon. [DE 37-8].

7

not reach that issue. Moreover, Mr. Dismukes makes this argument without establishing that he, in fact, had a legitimate expectation of privacy in the mobile home and the Court does not believe he could have established one "or that such an expectation would have been reasonable." *United States v. Smallwood*, 188 F.3d 905, 911 n.1 (7th Cir. 1999). "A defendant must show a violation of his (and not someone else's) rights" as the Fourth Amendment is a personal right. *United States v. Swift*, 220 F.3d 502, 510 (7th Cir. 2000) (quotation omitted). Mr. Dismukes has failed to establish that he had a reasonable expectation of privacy in the mobile home in question and, in fact, provided investigators with a different address in South Bend which is where he claimed to live. [DE 39 at 3]. He also told investigators that while he did stay at the mobile park, he usually stayed in a different mobile home. Thus, the Court finds he had no reasonable expectation of privacy in the mobile home.

      Mr. Dismukes' third argument is that the search warrant was so lacking in probable cause that the executing officers who conducted the search could not have relied on the warrant in good faith. "Overcoming the presumption of good faith is no small feat, as an officer cannot ordinarily be expected to question a judge's probable cause determination." *United States v. Lickers*, 928 F.3d 609, 619 (7th Cir. 2019). As addressed earlier in this opinion, the Court found that the search warrant was sufficiently supported by probable cause. There were multiple sources of information supporting probable cause and much of what was shared with the police was corroborated by surveillance of both Mr. Dismukes and the mobile home. And as the Seventh Circuit has recognized, "[a]t its core, *Leon* is about encouraging responsible and diligent police work" and here "[e]very indication from the record is that the federal agents sought and executed the warrant in good faith." *Id*. at 620 (quoting *United States v. Leon*, 468 U.S. 897, 912 (1984)). In addition to all the other evidence gathered by investigators, immediately prior to the execution

of the search warrant, Mr. Dismukes was observed leaving the property. Therefore, this Court finds that investigators who executed the search relied on the warrant in good faith.

Thus, in the present case, the Court concludes that, based on the totality of circumstances, Agent Lerch's affidavit provided sufficiently reliable information to support the finding of probable cause and the issuance of the search warrant.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to suppress. [DE 37].

SO ORDERED.

ENTERED: June 10, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court