UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:20-CR-46 JD

TERRELL DISMUKES

## OPINION AND ORDER

On June 28, 2024, the Court issued an order dismissing all of Defendant Terrell Dismukes's claims under 28 U.S.C. § 2255 "except for his claim that Mr. Hains provided ineffective assistance of counsel by failing to appeal his case." (Op. & Order, DE 63 at 24.) The Court took that claim under advisement and granted Mr. Dismukes leave to supplement his filing by July 19, 2024. Today, the Court received a motion from Mr. Dismukes in which he states that he only recently received the Court's order and that he needs more time to file his supplement. The Court GRANTS the motion, and will allow Mr. Dismukes to supplement his earlier filing by **September 13, 2024**.

In his motion, Mr. Dismukes also states that he objects to the Court's June 28 Order and wants the "the Court to communicate in plain under the plain language and writing act." (Def.'s Mot., DE 164 at 1 (citation unaltered).) He submits that the word "nexus," and some other words used in the order, "are not used by the average person." (*Id.*) Likewise, Mr. Dismukes finds the abbreviations confusing. He asks that the Court convert the order "into plain language." (*Id.*)

While the Plain Writing Act of 2010, Pub. L. No. 111-274, 124 Stat. 2861 (2010), does not apply to the Court's orders, *see United States v. One (1) Sig Sauer*, 2020 U.S. Dist. LEXIS 243589, *10 (E.D. Pa., Dec. 28, 2020) ("Plain Writing Act applies only to documents issued by executive agencies, not statutes enacted by Congress." (citing § 3(1)), the Court aspires to

communicate in "plain English," meaning "[i]n clear and simple words, without technicalities; unambiguously straightforward," Black's Law Dictionary (12th ed. 2024) (defining "plain English"). Inevitably, though, some concepts may be harder to understand, especially to an untrained layperson, and some technicalities, such as citations, may require additional learning by the reader. But while the Court considers the challenges a pro party may face, it cannot write differently for each particular litigant. *Cf. Santmyer v. Cortez*, 2024 U.S. Dist. LEXIS 9205, *4 (N.D. Ill. January 18, 2024) ("Following [court] rules isn't always easy, but courts can't have different rules for different groups of people."). Accordingly, the Court DENIES Mr. Dismukes's request to rewrite the June 28 order. If Mr. Dismukes needs more time to understand the particulars of the order, he should move for an extension of his deadline.

SO ORDERED.

ENTERED: August 2, 2024

                                           /s/ JON E. DEGUILIO
                                           Judge
                                           United States District Court