UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-46 JD |
| TERRELL DISMUKES | |

**OPINION AND ORDER**

Defendant Terrell Dismukes moved for relief under 28 U.S.C. § 2255. The Court ruled on his motion on June 28, 2024, dismissing all claims except the claim that his trial attorney failed to heed his request to file an appeal. The Court took that claim under advisement for the benefit of Mr. Dismukes, allowing him to supplement it with an affidavit or other evidence in support. Even after numerous extensions, Mr. Dismukes has failed to supplement his motion. For the reasons below, the Court will dismiss Mr. Dismukes's claim that his counsel was ineffective by failing to file an appeal on his behalf.

A.  **Procedural Background**[1]

On June 28, 2024, the Court issued an order dismissing all of Defendant Terrell Dismukes's claims under 28 U.S.C. § 2255 "except for his claim that Mr. Hains provided ineffective assistance of counsel by failing to appeal his case." (Op. & Order, DE 163 at 24.) The Court took that claim under advisement and granted Mr. Dismukes leave to supplement his filing by July 19, 2024. In the Order, the Court explained that Mr. Dismukes's claim was deficient and he needed to "submit—if he so wishes—a statement signed under penalty of perjury explaining

---

[1] This section is limited to the time after the Court's initial ruling on Mr. Dismukes's motion under § 2255. The complete procedural background and relevant facts are in the Court's June 28, 2024, Order. (DE 163 at 1–5.)

in greater detail what exactly he did to inform Mr. Hains of his desire to appeal the Court's judgment." (*Id*. at 22.) The Court explained that Mr. Dismukes "should indicate when he sought to contact Mr. Hains and how, whom he spoke with and what he told them, and what they told him." (*Id*.) The Court made clear that he could also submit any statements from third parties. (*Id*.)

On August 1, 2024, two weeks after the deadline, the Court received a motion from Mr. Dismukes asking for more time to supplement his original filings. (DE 164.) The Court granted the motion and extended the deadline until September 13, 2024. (DE 165.) Two weeks after that deadline, Mr. Dismukes moved for another extension of time, asking for another sixty days. (DE 166.) The Court again granted the motion, extending the deadline until November 12, 2024.

Having not received any supplemental filings from Mr. Dismukes, on December 10, 2024, the Court, on its own, extended Mr. Dismukes's filing deadline until January 10, 2025. (DE 168.) At the same time, the Court "caution[ed] [Mr. Dismukes] that, if he fails to respond by this deadline, the Court will decide his remaining claim without the benefit of his response." (*Id*.) To date, the Court has received no supplemental filings nor any other response from Mr. Dismukes, so it's left with no option but to rule on his remaining § 2255 claim without the benefit of other submissions.

B. **Counsel's Alleged Failure to File an Appeal**

Counsel is ineffective if he disregards a client's specific instructions to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Additionally, an attorney must consult with a defendant about possibly appealing if "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for

appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. It is less likely that a defendant who pleaded guilty would rationally want to appeal. *Id*.

An attorney also must "remain[] reasonably available" to the client during the appeal window. *Corral v. United States*, 498 F.3d 470, 474 (7th Cir. 2007). The attorney need not "adjust his or her schedule in anticipation of the client's decision to appeal." *Id*. If, however, a client makes "reasonable efforts to contact his lawyer about an appeal during the [filing] period, his lawyer must make a reasonable effort to reach the client before the time for filing a notice of appeal expires." *Id*. But "a defendant who . . . makes no real effort to inform counsel is not entitled to relief." *Id*.

"An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel." *Elam v. United States*, 2007 U.S. Dist. LEXIS 816, *3 (S.D. Ill. Jan. 8, 2007) (citing *United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995), and *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994)).

In his motion, Mr. Dismukes alleges that he tried to appeal the Court's judgment but his attorney, Mr. Hains, failed to respond. (Def.'s Mot, DE 140-1 at 9 ("[D]efendant tried to do a direct appeal but his attorney never responded to him"); (DE 140 at 1) (Defendant "tried to file a direct appeal but attorney never responded to the defendant's request").) He reiterates the same claim several times in his reply brief (*see* Def.'s Rep. Br., DE 158 at 9 (". . . Defendant tried to file a direct appeal but attorney never responded to the defendant's request causing him to file a

3

2255."); *id*. at 15 ("The defendant tried to do a direct appeal but his attorney never responded to him.")), and adds that there "should be a recorded phone call between the defendant and Fred R. Hains assistant, approximately around the time of the appeal and the defendant explain how he fail to investigate previous attorney conduct . . . for appeal and the (sic) have a witness" (*id.* at 17).

Yet Mr. Dismukes's contention that he tried to ask Mr. Hains to file an appeal on his behalf and that Mr. Haines ignored his attempts is unsupported by any evidence. Rather, he presents only vague and conclusory allegations, and the Seventh Circuit requires more than that: "evidence usually . . . begins with sworn affidavits attesting to the petitioner's allegations." *Galbraith v. United States*, 313 F.3d 1001, 1008–09 (7th Cir. 2002). A "detailed and specific" affidavit is a threshold requirement for a § 2255 petition. *Kafo v. United States*, 467 F.3d, 1063, 1067 (7th Cir. 2006).

Without Mr. Dismukes presenting an affidavit or some other evidence from himself or someone else, the record before the Court contains no evidence of the alleged omissions of his lawyer. The Court granted Mr. Dismukes leave, and multiple extensions of time, to supplement his filings, with no avail. And without evidentiary support for his claim, Mr. Dismukes's claim cannot proceed any further. *See id*. at 1009 ("[The defendant] presents no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim. Without any such evidence, there is no clear error in the district court's denial.").

The same deficiency prevents the Court from holding an evidentiary hearing. *See id*. ("As this court has noted before, it is the rule of this court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner

4

had actual proof of the allegations going beyond mere unsupported assertions. [Defendant] presented no detailed and specific affidavit, merely bare allegations. And, therefore, he cannot meet the threshold requirement for securing an evidentiary hearing.") (quotation marks, citation, and brackets omitted). While evidentiary hearings are required if a § 2255 petitioner alleges facts that, if proven, would entitle him to relief, "the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Id*. For a hearing to be granted, Mr. Dismukes must have accompanied his petition with "actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F.3d at 1067 (quoting *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)). "Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein become evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." *Id.* at 1068. Since Mr. Dismukes has failed to meet this requirement even after the Court granted multiple extensions, his ineffective assistance of counsel claim must be denied.

E.    **Certificate of Appealability is Unwarranted**

The Court declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court has already discussed in denying the motion (as well as in the June 28, 2024 Order (DE 163 at 24)), the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to keep proceeding.

The Court advises Mr. Dismukes, though, that under Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. Dismukes wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

**E.    Conclusion**

For these reasons, the Court—

- DENIES Mr. Dismukes's remaining claim that his trial lawyer provided him with ineffective assistance of counsel by failing to file an appeal on his behalf; and
- DISMISSES his motions under § 2255 (DE 140).

SO ORDERED.

ENTERED: January 15, 2025

>       /s/ JON E. DEGUILIO
> Judge
> United States District Court